UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X    CASE NO.: 21-42554-ess

In re:    CHAPTER 7

James D. Henry,

                        Debtor.

------------------------------------------------------------X

## ADEQUATE PROTECTION ORDER

Upon consideration of the Motion for Relief from the automatic stay filed on January 6, 2022 (ECF Doc. No. 18, the "Motion"), and upon consideration of the Loss Mitigation Request filed in response thereto (ECF Doc. No. 24, filed February 4, 2022, the "Request"), and upon consideration of the Amended Objection to Loss Mitigation filed on February 17, 2022 (ECF Doc. No. 28, the "Objection") by Rushmore Loan Management Services, LLC as servicer for U.S. Bank National Association, as Trustee of the Dwelling Series IV Trust (together with any successor or assign, "Secured Creditor") concerning the property located at 555 Union Hill Road, Marlboro, NJ 07726 aka 555 Union Hill Road, Englishtown, NJ 07726 (the "Property"), and upon consideration of the Response to the Objection filed on March 11, 2022 (ECF Doc. No. 31, the "Response"); and for the reasons stated on the record at the hearing held on March 22, 2022; and with the consent of the parties stated on the record at the hearing held on March 22, 2022; and pursuant to 11 U.S.C. § 361(1); and for good cause shown, it is hereby

**ORDERED**, that the Debtor shall make monthly adequate protection payments in certified funds commencing ***August*** ~~April~~ 1, 2022, due to Secured Creditor no later than ***August*** ~~April~~ 1, 2022 and on the first of each and every month thereafter, in the amount of $4,387.18 per month, until such time as a trial loan modification may issue, or until such time as this Court rules on the Request, or until such time as loss mitigation may be terminated, or until such time as the

automatic stay may be lifted; and it is further

**ORDERED**, that said adequate protection payments shall be made payable to "Rushmore Loan Management Services, LLC." Said adequate protection payments shall have the loan number and bankruptcy case number written on the checks, and shall be sent to the following address:

> Rushmore Loan Management
> Services P.O. Box 52708
> Irvine, CA 92619-2708

and it is further

**ORDERED**, that said adequate protection payments shall be applied to the Debtor's default on Secured Creditor's loan; and it is further

**ORDERED**, that Secured Creditor may accept and apply the adequate protection payments without prejudice to any of its rights, whether arising from applicable bankruptcy law or non- bankruptcy law, including, but not limited to, Secured Creditor's right to request that its Objection be sustained or to request termination of loss mitigation.~~; and it is further~~

~~**ORDERED,** that in the event the Debtor fails to tender any of the adequate protection payments and thereafter fails to cure the default within ten (10) days from the date of service of a written Notice of Default on the Debtor and Debtor's Attorney, the Secured Creditor may file an Affirmation of Non-Compliance together with a proposed Ex-Parte Order Granting Relief from the Automatic Stay. Upon issuance of the Ex-Parte Order, the Automatic Stay shall be deemed vacated with respect to the Secured Creditor, allowing the Secured Creditor, its agents, successors and/or assigns in interest to exercise all rights available to it under applicable state law with respect to the Property; and it is further~~

~~**ORDERED,** that in the event that three (3) Notices of Default have been sent to Debtor and Debtor's Attorney as a result of two defaults under this Order, the Secured Creditor may file~~

~~an Affirmation of Non-Compliance together with a proposed Ex-Parte Order Granting Relief from the Automatic Stay. Upon issuance of the Ex-Parte Order, the Automatic Stay shall be deemed vacated with respect to the Secured Creditor, allowing the Secured Creditor, its agents, successors and/or assigns in interest to exercise all rights available to it under applicable state law to exercise its remedies against the Property; and it is further~~

~~**ORDERED,** that if the automatic stay is lifted as indicated hereinabove, but Court-ordered loss mitigation is still ongoing, Loss Mitigation pursuant to General Order #676 shall terminate concurrently with the lifting of the automatic stay, and Secured Creditor may submit a proposed Order terminating loss mitigation; and it is further~~

~~**ORDERED,** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further~~

~~**ORDERED,** that the Secured Creditor shall promptly report to the Chapter 7 Trustee any surplus monies realized by any sale of the Property.~~

**Dated: Brooklyn, New York**
**July 22, 2022**

_/s/ Elizabeth S. Stong_
**Elizabeth S. Stong**
**United States Bankruptcy Judge**